COPY

1  ANTHONY R. LOPEZ, a Professional Corporation
   LAW OFFICES LOPEZ & ASSOCIATES
2  ANTHONY R. LOPEZ, CASBN 149653
   9025 Wilshire Blvd., Suite 500
3  Beverly Hills, California 90211
   Telephone: (310)276-4700
4  facsimile:(310)861-0509

5

6  Attorney for Plaintiff Gilberto Diaz Moreno

FILED
CLERK, U.S. DISTRICT COURT

APR 24 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7              **UNITED STATES DISTRICT COURT**

8   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9          321 North Spring Street, Los Angeles, CA 90012

10

11  GILBERTO DIAZ MORENO                    ) Case CV. 13-02879 - SVW
                                            )        (PLAx)
12                                          )
                                            )
13                    Plaintiff             )  **COMPLAINT FOR:**
                                            )
14  vs.                                     )  1.  **FEDERAL TRADEMARK**
                                            )      **INFRINGEMENT;**
15  UMG RECORDINGS, INC.;                   )
    UNIVERSAL MUSIC GROUP                   )  2.  **FEDERAL TRADEMARK**
16  DISTRIBUTION, CORP.; and                )      **COUNTERFEITING;**
    DOES 1 to 5                             )
17                                          )  3.  **FALSE DESIGNATION OF**
                                            )      **ORIGIN AND UNFAIR**
18                                          )      **COMPETITION;**
                                            )
19                    Defendants.           )  4.  **DILUTION;**
                                            )
20                                          )  5.  **STATE LAW AND**
                                            )      **STATUTORY TRADE**
21                                          )      **NAME INFRINGEMENT**
                                            )      **AND DILUTION**
22                                          )
                                            )  6.  **INTERFERENCE WITH**
23                                          )      **PROSPECTIVE BUSINESS**
                                            )      **ADVANTAGE;**
24                                          )
                                            )  7.  **ACCOUNTING;**
25                                          )
                                            )  8.  **TEMPORARY,**
26                                          )      **PRELIMINARY AND**
                                            )      **PERMANENT**
27                                          )      **INJUNCTIVE RELIEF**

28  ────────────────────────────  **JURY TRIAL DEMANDED**

                            1
                        **COMPLAINT**

Plaintiff Gilberto Diaz Moreno, for its complaint alleges as follows:

## NATURE OF THE ACTION

1.      As a complete and independent claims for relief, Plaintiff asserts claims of trademark and service mark infringement, counterfeiting, false designations of origin and unfair competition by Defendants under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 et seq., and California statutory and common law.

## JURISDICTION AND VENUE

2.      This Court has exclusive subject matter jurisdiction as to the violations of the Lanham Act pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)-(c) and § 1338(a). This Court also has pendant jurisdiction over the state causes of action relating to unfair competition and to trademark, service mark, trade name and trade dress infringement, pursuant to 28 U.S.C. § 1338(b).

3.      The Court has specific personal jurisdiction over all the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortuous acts outside California, knowing and intending that such acts would case injury within the state.

4.      Venue in this action is proper in the United States District Court for the Central District of California by virtue of 28 U.S.C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

5.      Plaintiff Gilberto Diaz Moreno (hereinafter "DIAZ") is a resident of Illinois, and the owner of the trademark "Aliados de La Sierra" and musical group named "Aliados De La Sierra.

6.      Plaintiff is informed and believes and based upon that belief alleges that  Defendant UMG RECORDINGS INC. (hereinafter "UMG") is and at all

**COMPLAINT**

1  times relevant hereto, a duly formed Delaware corporation with principal offices

2  located in the State of California and conducting business in the County of Los

3  Angeles and within the State of California.

4         7.     Plaintiff is informed and believes and based upon that belief alleges

5  that Defendant UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP.

6  (hereinafter "UMGD") is and at all times relevant hereto, a duly formed Delaware

7  corporation with principal offices located in the State of California and conducting

8  business in the County of Los Angeles and within the State of California.

9         8.     The true names and capacities, whether individual, corporate,

10  associate, employee, or otherwise, of the Defendants sued herein as Does 1

11  through 5, inclusive, currently are unknown to Plaintiff and Plaintiff therefore sues

12  said Defendants by such fictitious names.  Plaintiff is informed and believes, and

13  thereon alleges, that each of the Defendants designated herein as a Doe is

14  responsible legally in some manner for the acts, conduct, omissions and events

15  referred to herein, causing injury and damage proximately thereby to Plaintiff, as

16  alleged hereinafter.  Plaintiff will seek leave to amend this Complaint to allege the

17  true names, capacities and circumstances establishing the liability of the

18  Defendants designated herein as Does 1 through 5, inclusive, at such time as

19  Plaintiff ascertains the same.

20         9.     Plaintiff is informed and believes, and on that basis averts that, at all

21  times herein relevant, each of the Defendants was the agent, servant, employee,

22  supervisor, co-venturer, subsidiary and/or corporate-parent of each of the

23  remaining Defendants and, at all times herein relevant, each Defendant was acting

24  within the course, scope, purpose, consent, knowledge, ratification, and

25  authorization of such agency, employment, joint venture, subsidiary and/or

26  corporate-parent relationship.

27         10.    Whenever in this Complaint reference is made to "Defendant", or

28  "Defendants" and each of them,  such allegations shall refer to all Defendants

1  named herein, including all Defendants designated herein as Does, and shall be
2  deemed to mean the conduct of any and all such Defendants acting individually,
3  jointly and/or severally.

4  **GENERAL ALLEGATIONS**

5    11. Plaintiff, DIAZ alleges claims for federal trademark infringement and
6  unfair competition in connection with Defendants' unauthorized and unlawful use
7  and misappropriation of a duly registered federal trademark "Aliados De La
8  Sierra" belonging to Plaintiff.

9    12. The musical group Aliados de Sierra was formed in Chicago, Illinois
10  in or about on or about March 2007.  The musical group "and performs a musical
11  genre of "Duranguense" with the regional Mexican music world.  Plaintiff has
12  exercised ownership and control over the  mark "Aliados De La Sierra" since
13  2007.

14    13. On July 20, 2010, Plaintiff DIAZ obtained a federal registration of
15  the trademark "Aliados De La Sierra"with the United States Patent and Trademark
16  Office as a trademark for pre-recorded CDS featuring musical compilations in
17  Class 9.  A true and correct copy of the Certificate of Registration No.3,821,709 is
18  attached as *Exhibit "A"* and is incorporated by reference.

19    14. On or about July 25, 2012, Defendant UMG was place on written
20  notice (1) to cease and desist from manufacturing, distributing, selling, marketing,
21  promoting and advertising the sound recording utilizing the name "Aliados De La
22  Sierra" and (2) that UMG was inferring with Plaintiffs exclusive rights to the
23  trademark "Aliados De La Sierra".   A true and correct copy of the Notice that was
24  sent to the Defendant UMG is attached as **Exhibit "B"** and is  hereby incorporated
25  by reference.

26    15. Plaintiff is the true and exclusive owner of any and all rights
27  throughout the United States and Mexico to the U.S. trademark for the
28  designation "Aliados De La Sierra" for pre-recorded CDS featuring musical

1  compilations in Class 9.

2      16.    As the exclusive owner of the "Aliados De La Sierra" trademark,

3  Plaintiff has express authority to commence or prosecute any claims or suits

4  against third parties with respect to any matter in connection with the

5  trademark rights to "Aliados De La Sierra" including, without limitation,

6  infringement actions.

7      17.    Plaintiff has used the name "Aliados De La Sierra" substantially

8  and continuously throughout the United States and Mexico since March

9  2007.

10      18.    Plaintiff has used the federally registered "Aliados De La Sierra"

11  mark for pre-recorded CDS featuring musical compilations in Class 9 as well as on

12  promotional flyers, electronic and print media, and other forms of advertisement

13  and marketing for "Aliados De La Sierra."

14      19.    At significant expense and effort, Plaintiff has maintained the

15  "Aliados De La Sierra" federal trademark and enhanced the mark's value.

16      20.    Plaintiff has continually and substantially advertised and marketed

17  the mark "Aliados De La Sierra."   Plaintiff has spent considerable sums of money

18  promoting and enhancing the goodwill associated with the "Aliados De La Sierra"

19  performances, services, and products throughout the United States and Mexico.

20      21.    As a result of Plaintiff's afore described use, promotion and publicity,

21  the "Aliados De La Sierra" mark has acquired enormous value and inestimable

22  goodwill, and has become extremely well-known and famous to the consuming

23  public and trade as identifying a source of high quality.

24      22.    Plaintiff's efforts have strengthened the public meaning of the

25  inherently distinctive trademark "Aliados De La Sierra" The mark is used to

26  indicate the source of Plaintiff's "Aliados De La Sierra" public performances and

27  other goods and services, identifying and distinguishing them from those rendered

28  or sold by others.

23.     Plaintiff alleges on information and belief that Defendants have used the name "Aliados De La Sierra" in connection with the same goods as Plaintiff, all in direct violation of Plaintiff's rights.

24.     Plaintiff alleges on information and belief that Defendants and Does 1 through 5, have used the name "Aliados De La Sierra" in advertising and marketing their sound recordings by utilizing a name that is identical to the tradename and mark of Plaintiff's musical group.

25.     The activities of Defendants stand to irreparably harm the group that Plaintiff has cultivated and Plaintiff now stands to defend.

26.     Defendants can be expected to continue the above deceptive practices in order to benefit from the confusion they are causing unless enjoined form such deceptive activities.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement in Violation of Section 32
### of the Lanham Act, 15 U.S.C. § 1114

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this complaint as though fully set forth herein.

28.     This claim for relief arises under Section 32 of the Lanham Act, 15 U.S.C. § 114 and is alleged against all Defendants.

29.     Plaintiff is the licensee of the musical group, trade name and mark "Aliados De La Sierra", and has continuously since the inception of the group in 2007.  The mark "Aliados De La Sierra" is inherently distinctive and has acquired a secondary meaning to referring to Plaintiff.

30.     None of the Defendants named herein have any claim or colorable right to utilize the name "Aliados De La Sierra".

31.     The foregoing acts of Defendants constitute infringement of U.S. Trademark Registration No.3,821,709 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**COMPLAINT**

32.     Defendants' unauthorized use of "Aliados De La Sierra" as a mark falsely indicates to consumers that Defendants' goods originate from, are approved by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's goods.

33.     Defendants' unauthorized use of "Aliados De La Sierra" in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods originate from or are associated with Plaintiff.

34.     Defendants' unauthorized use of the "Aliados De La Sierra" mark removes Plaintiff's ability to control the nature and quality of the goods  provided under its  "Aliados De La Sierra" mark and places the Plaintiff's valuable reputation and goodwill in the hands of the Defendants.

35.     Plaintiff's  mark is entitled to strong protection under Section 32 of the Lanham Act because such mark, when used to identify goods for pre-recorded CDS featuring musical compilations in Class 9.  is "arbitrary" as to such services.

36     Plaintiff believes that it has or is likely to be damaged by Defendants' use of the mark at issue and will suffer irreparable harm.

37.     Defendants are therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117 and 1118.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Counterfeiting, 15 U.S.C. § 1114

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of this complaint as if fully set forth herein.

39.     This claim for relief arises under 15 U.S.C. § 114 and is alleged against all Defendants.

40.     Defendants' foregoing acts constitute federal trademark counterfeiting of Plaintiff's  federally registered trademark "Aliados De La Sierra" as defined by 15 U.S.C. §§ 1114, 1116.

41.     Federal registration of a trademark is prima facie evidence of a registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).    Plaintiff as the exclusive owner of the "Aliados De La Sierra" trademark, possesses the right to initiate proceedings to enforce, protect, and defend the "Aliados De La Sierra" brand.

42.     Plaintiff has continually and substantially advertised and marketed goods, in connection with the mark "Aliados De La Sierra."    Plaintiff has spent considerable sums of money promoting and enhancing the goodwill associated with the "Aliados De La Sierra" products throughout the United States and in foreign countries.

43.     Defendants have been manufacturing, distributing, selling, marketing, promoting and advertising sound recording utilizing the name and mark "Aliados De La Sierra" over several years.

44.     The Defendants' willful and intentional counterfeiting, imitating, and copying of Plaintiff's registered trademark has confused, and will likely continue to confuse or deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

45.     Defendants' activities are in violation of 15 U.S.C. § 1116(1)(a) and constitute counterfeiting of a registered trademark in connection with the sale or offering for sale of a service which is likely to cause confusion, mistake or deception with the services offered by Plaintiff.

### THIRD CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition in Violation of
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

46.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this complaint as if fully set forth herein.

47.     This claim for relief arises under Section 43(a) of the Lanham Act, 15

1  U.S.C. § 1125(a) and is alleged against all Defendants.

2      48.    Defendants' unauthorized use of the "Aliados De La Sierra" mark,

3  trade name, and trade dress falsely indicates to consumers that Defendants goods

4  originate from, are approved by, are sponsored by, are licensed by, or are affiliated

5  with Plaintiff or are otherwise associated with Plaintiff's goods.

6      49.    Defendants' unauthorized use of the "Aliados De La Sierra" mark in

7  the manner described above is likely to cause confusion, to cause mistake, or to

8  deceive the public into believing Defendants' goods originate from or are

9  associated with Plaintiff.

10     50.    Defendants' infringement has been intentional and willful,

11 constituting and exceptional case pursuant to Section 35 of the Lanham Act, 15

12 U.S.C. § 1117.  Plaintiff is therefore entitled to recover three times the amount of:

13 (1) Defendants' profits; and (2) Defendants actual damages, including pre-

14 judgment interest.  Plaintiff is further entitled to recover their attorney fees and

15 costs incurred in this action.

16     51.    Defendants' unauthorized use of the  "Aliados De La Sierra"

17 trademark, trade name and trade dress removes from Plaintiff the ability to control

18 the nature and quality of the goods provided under its "Aliados De La Sierra"

19 mark and places the valuable reputation and goodwill of Plaintiff in the hands of

20 the Defendants.

21     52.    Plaintiff's mark is entitled to strong protection under Section 43(a) of

22 the Lanham Act because such mark, when used to identify musical sound

23 recordings, is "arbitrary" as to such goods, and because Plaintiff has extensively

24 promoted the mark to the relevant public.

25     53.    Plaintiff has been or is likely to be irreparably damaged by

26 Defendants' use of the mark, trade name, and trade dress at issue.

27     54.    Defendants' actions, as set forth above, constitute trademark, trade

28 name and trade dress infringement in violation of Section 43(a) of the Lanham

**COMPLAINT**

1 Act, 15 U.S.C. § 1125(a).

2     55.   Defendants are therefore liable, without limitation, for the remedies

3 provided for in 15 U.S.C. § 1114(2), 1116, 1117, and 1118.

4 **FOURTH CLAIM FOR RELIEF**

5 **Trademark Dilution Under The Lanham Act**

6     56.   Plaintiff realleges and incorporates by reference paragraphs 1 through

7 55 of this complaint as if fully set forth herein.

8     57.   This claim for relief arises under Lanham Act and is alleged against

9 all Defendants.

10     58.   The trade name and mark of Plaintiff' "Aliados De La Sierra" has

11 become famous throughout the United States, through use in advertising of the

12 mark through radio airplay, record sales, the appearance of the musical group on

13 television broadcast in Latin America and the United States, newspaper and

14 magazine articles concerning the group and public appearances at concerts, dances

15 and events.

16     59.   Defendants' use of the "Aliados De La Sierra" mark and distinctive

17 designs tarnishes the image of and dilutes the distinctive character of the "Aliados

18 De La Sierra" mark and will diminish and destroy the public association of the

19 trade name and mark of Plaintiff.

20     60.   In engaging in the actions complained of above, Defendants and each

21 of them willfully intended and intend to trade on the reputation of the musical

22 group of the Plaintiff.

23     61.   In engaging in the actions complained of above, defendants and each

24 of them have willfully intended to cause dilution of the famous trade name and

25 mark belonging to Plaintiff.

26     62.   For each act of unfair competition, Plaintiff is entitled to recover

27 actual damages as well as Defendants' profits from such infringement.

28     63.   Defendants' continuous use of Plaintiff's trademark diminishes and

10
**COMPLAINT**

diltes the distinctive value of the mark, to the great detriment of Plaintiff in contravention of 15 U.S.C. § 1125(c)(1).

64.    As a result of Defendants' activities, Plaintiff and the public have been and are likely to be further irreparably damaged.

## FIFTH CLAIM FOR RELIEF

### State Law and Statutory Trade Name Infringement and Dilution

65.    Plaintiff realleges and incorporates by reference paragraphs 1 through 64 of this complaint as if fully set froth herein.

66.    This claim for relief arises under the laws of the State of California and is alleged against all Defendants.

67.    By their acts alleged herein, Defendants have engaged in trade name infringement and dilution pursuant to California Business and Professional Code §§ 14330 et seq., and §§ 14402 et seq.

68.    Defendants have intentionally deceived the public by misrepresenting that their are connected with the Plaintiff's mark.

69.    Plaintiff is informed and believes that the acts of Defendants described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

70.    Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' conduct is not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing acts of unfair competition.

## SIXTH CLAIM FOR RELIEF

### Inference With Prospective Business Advantage

71.    Plaintiff realleges and incorporates by reference paragraphs 1 through 70 of this complaint  as if fully set forth herein.

72.    This claim for relief arises under the common law of the State of

1   California and is alleged against all defendants.

2       72.    Defendants and each of them, through their actions, have interfered

3   with the prospective business advantage of Plaintiff by interfering with the right of

4   Plaintiff to exploit and benefit commercially from the trade name and mark of

5   Plaintiff and the goodwill of the business of the musical group of Plaintiff.

6       73.    Plaintiff has been damaged by the tortious interference by defendants

7   with Plaintiff's economic relations in an amount to be alleged by amendment by

8   this complaint.

9       74.    The aforementioned acts of Defendants were and are willful,

10  oppressive and malicious.  Plaintiff therefore should be awarded punitive damages

11  in an amount to be alleged by amendment to this complaint.

12                      **SEVENTH CLAIM FOR RELIEF**

13                              **Accounting**

14      75.    Plaintiff realleges and incorporates by reference paragraphs 1 through

15  74 of this complaint  as if fully set forth herein.

16      76.    The claim for relief arises under the common law of the State of

17  California and is alleged against all Defendants.

18      77.    Defendants are in possession of information relating to monies paid

19  to Defendants from their misleading and deceptive practices described herein,

20  which represents a misappropriation of monies from Plaintiff.  The books,

21  accounts, records, ledgers, etc. which provide this information are in the

22  possession of Defendants and each of them.  The amount of damages, profits and

23  interest owing to Plaintiff from Defendants cannot be ascertained without an

24  accounting by Defendants and each of them.

25      78.    Defendants and each of them have also benefitted economically from

26  the usurpation of the trade name and mark of Plaintiff without accounting to

27  Plaintiff for the income and profits realized by Defendants and each of them as a

28  result of such activities.

**COMPLAINT**

79.     Plaintiff hereby demands, and is entitled to, an accounting of all monies received by Defendants and each of them from their use of the mark and trade name of Plaintiff  and any other confusingly similar terms.

### EIGHT CLAIM FOR RELIEF

### Temporary, Preliminary and Permanent Injunctive Relief

80.     Plaintiff realleges and incorporates by reference paragraphs 1 through 79 of this complaint  as if fully set forth herein.

81.     The continuing wrongful acts of Defendants herein have harmed and continue to harm the interest of Plaintiff in the use of the name and mark "Aliados De La Sierra" and any confusingly similar names.  If this court does not issue a temporary, preliminary and permanent injunction against the Defendants and each of them prohibiting the use of the name "Aliados De La Sierra" and other confusing similar terms, in connection with the goods of Defendants' sound recordings, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Gilberto Diaz Moreno, prays for judgment against Defendants as follows:

1.     For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.     For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Defendants and each of them and their agents, servants, employees and co-ventures, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)     Using the name "Aliados De La Sierra" or any confusing similar or colorable imitation of the name, in connection with the manufacturing,

distributing, selling, marketing, promoting and advertising the sound recording utilizing the name "Aliados De La Sierra";

(b)     Using the name "Aliados De La Sierra"or any confusing similar colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods of Defendants;

(c)     Otherwise infringing or diluting the distinctive quality of Plaintiff's service mark and trade name "Aliados De La Sierra";

(d)     Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of Plaintiff's or Defendants' goods.

3.     For an order requiring the Defendants to deliver up and destroy all sound recordings in any configuration, promotional literature, advertising, goods and other materials bearing the infringing, diluting or injurious designations.

4.     For actual damages in amount not less than $100,000.00.

5.     For three times the amount of Plaintiff's actual damages suffered by reason of Defendants' infringement of Plaintiff's mark and trade name.

6.     For three times the amount of Defendants' profits derived from the infringement of Plaintiff's mark and trade name.

7.     For punitive damages in an amount to be proved at trial.

8.     For prejudgement interest.

9.     For an accounting of all monies received by Defendants form their activities in connection with the use of the name "Aliados De La Siera".

10.     For costs of suit.

11.     For reasonable attorney fees.

12.     For such relief as the court may deem appropriate.

///

///

///

///

**COMPLAINT**

Dated: April 9, 2013

LAW OFFICES LOPEZ & ASSOCIATES

By: _____
Anthony R. Lopez, Attorney for
Plaintiff Gilberto Diaz Moreno

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of this action by a jury.

Dated: April 9, 2013

LAW OFFICES LOPEZ & ASSOCIATES

By: _____
Anthony R. Lopez, Attorney for
Plaintiff Gilberto Diaz Moreno

16
**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

**COMPLAINT**

# United States of America

## United States Patent and Trademark Office

## ALIADOS DE LA SIERRA

**Reg. No. 3,821,709**

**Registered July 20, 2010**

**Int. Cls.: 9 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

GILBERTO DIAZ-MORENO (UNITED STATES INDIVIDUAL)
422 E. ARDMORE TERRACE
ADDISON, IL 60101

FOR: PRE-RECORDED CDS FEATURING MUSICAL COMPILATIONS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-28-2007; IN COMMERCE 3-28-2007.

FOR: ENTERTAINMENT IN THE NATURE OF LIVE PERFORMANCES BY A REGIONAL MEXICAN MUSICAL GROUP, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-28-2007; IN COMMERCE 3-28-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE ENGLISH TRANSLATION OF "ALIADOS DE LA SIERRA" IN THE MARK IS "THE SIERRA ALLIANCE".

SER. NO. 77-892,648, FILED 12-14-2009.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

19

**COMPLAINT**

ANTHONY R. LOPEZ
a Professional Corporation
LAW OFFICES LOPEZ & ASSOCIATES
**9025 Wilshire Boulevard, Suite 500**
**Beverly Hills, California 90211**
**Telephone: (310)276-4700**
**Fax:  (310)881-0509**

July 25, 2012

*Via email mark.berger@umusic.com*

Mark Berger
UNIVERSAL MUSIC
5820 Canoga Ave, Suite 300
Woodland Hills, California 91367

Re:    **ALIADOS DE LA SIERRA**

Dear Mr. Berger:

Please be advised that this firm is counsel to Gilberto Diaz-Moreno ("Diaz"), in reference to the above captioned matter.   We have been informed that Universal Music  is advertising, marketing, promoting, distributing, licensing and selling sound recordings utilizing the name "Aliados De La Sierra" including but not limited to, "Con Los Ojos Cerrados", "En Vivo", "Greatest Hits", "Solo Por Ti" and "Loqueando y Pisteando".

*You are hereby placed on notice of the following:*

1.    That Diaz is the  registered trademark owner of the name "Aliados De La Sierra" in Class 9 for prerecorded musical compositions, attached is a courtesy copy of the Untied States Patent and Trademark Registration Number 3,821,709.

2.    That Diaz is the only authorized person to enter into any agreement or contract for the sound recordings of "Aliados De La Sierra" with any third party.

3.    That Diaz did not enter into an agreement nor has authorized the use of the name "Aliados De La Sierra" in conjunction with any sound recordings advertised, marketed, promoted, distributed, licensed or sold by Universal Music, including but not limited to "Con Los Ojos Cerrados", "En Vivo", "Greatest Hits", "Solo Por Ti" and "Loqueando y Pisteando."

July 25, 2012
Page 2


   4.      That in an action for infringement, which our client may elect to bring against
Universal Music along with any other individual or entity involved in the utilization of the name
"Aliados De La Sierra", will be liable for statutory damages of up to $100,000.00 per use, in
addition to attorney fees' and costs.

   On behalf of our client we hereby demand that Universal Music immediately remit a
complete accounting for any and all sales of the sound recordings listed above, along with any
and all agreement and/or licenses entered into by Universal Music with third parties in reference
to the sound recordings listed above.

   The foregoing is not intended to be a complete statement of the facts or of the law
relevant to this matter, nor of our client's legal and equitable rights and remedies, and nothing
herein above stated or omitted shall be deemed a waiver or limitation of any right, remedy or
cause of action of any kind whatsoever, all of which are hereby expressly reserved to our client.


                              Respectfully,




                              Anthony R. Lopez



cc:     Client



Enclosure

# United States of America
### United States Patent and Trademark Office

## ALIADOS DE LA SIERRA

**Reg. No. 3,821,709**
**Registered July 20, 2010**

GILBERTO DIAZ-MORENO (UNITED STATES INDIVIDUAL)
422 E. ARDMORE TERRACE
ADDISON, IL 60101

**Int. Cls.: 9 and 41**

FOR: PRE-RECORDED CDS FEATURING MUSICAL COMPILATIONS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

**TRADEMARK**

FIRST USE 3-28-2007; IN COMMERCE 3-28-2007.

**SERVICE MARK**

**PRINCIPAL REGISTER**

FOR: ENTERTAINMENT IN THE NATURE OF LIVE PERFORMANCES BY A REGIONAL MEXICAN MUSICAL GROUP, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-28-2007; IN COMMERCE 3-28-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE ENGLISH TRANSLATION OF "ALIADOS DE LA SIERRA" IN THE MARK IS "THE SIERRA ALLIANCE".

SER. NO. 77-892,648, FILED 12-14-2009.

ALICE BENMAMAN, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV13- 2879 SVW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: ORIGINAL
ANTHONY R. LOPEZ, a Professional Corporation
LAW OFFICES LOPEZ & ASSOCIATES
ANTHONY R. LOPEZ, CASBN 149653
9025 Wilshire Blvd., Suite 500, Beverly Hills, CA
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO DIAZ MORENO | CASE NUMBER |
| PLAINTIFF(S) | CV13-02879-SVW(PLAx) |
| v. | |
| UMG RECORDINGS, INC.; UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP.; and DOES 1 to 5 | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): UMG RECORDINGS, INC.
UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Anthony R. Lopez_____, whose address is _9025 Wilshire Blvd., Suite 500, Beverly Hills, CA 90211_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 2 4 2013

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> GILBERTO DIAZ MORENO | **DEFENDANTS** <br> UMG RECORDINGS, INC.; <br> UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> ANTHONY R. LOPEZ, a Professional Corporation <br> LAW OFFICES LOPEZ & ASSOCIATES, 9025 Wilshire Blvd. Suite 500 <br> Beverly Hills, California, (310)276-4700 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SECTION 1051 - TRADEMARK

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____ **CV13-02879**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| | | |
|---|---|---|
| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 04/09/2013

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |